## JOHN GUTHRIE *v.* THOMAS HOLT.

SALE OF LAND. *Verbal contract. Improvements.* When a vendor of land by verbal sale, puts the vendee in possession, and the vendee occupies and uses the land for a time, and then abandons the contract and refuses to take the land, in suit by the vendor against the vendee for use and occupation (the vendor being in no default), the vendee will not be allowed to set off the value of improvements, made by him while in possession, against the vendor's claim for use and occupation.

Cases cited: Humphreys *v.* Hottsinger, 3 Sneed, 228; Merritt *v.* Parks, 6 Hum., 324; Wilkins *v.* May, 3 Head, 173; Raines *v*, Huddleston, 4 Heis., 323; Henning & Bird *v.* Palland, 4 Heis., 362.

### FROM DAVIDSON.

Appeal from the Circuit Court at Nashville. Judge NATHANIEL BAXTER presiding.

F. E. WILLIAMS for plaintiff.

BAXTER SMITH for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Holt obtained judgment in the circuit court of Davidson county against Guthrie, from which Guthrie appealed to this court. In January, 1871, Holt sold to Guthrie by verbal contract a tract of land in said county, agreeing to make him a deed when the boundaries should be ascertained. Holt put his son-in-law in immediate possession. Within the year Guthrie stated his inability to pay for the land, and proposed

to rescind the trade and pay for the use. This was not done, and Holt assumed possession, and sued him for rent for use and occupation.

The defences set up were, that Lovell, the son-in-law of Guthrie, was the purchaser and not Guthrie, and that he had made improvements on the land exceeding in value the rents. The jury found, on sufficient evidence, that Guthrie was the purchaser, and, under the charge of the court, they made no allowance for any improvements, but gave a verdict for $150 for one year's rent, of which plaintiff remitted $25.

The court charged the jury that if Holt was in fault in not completing the contract of sale, Guthrie would be entitled, upon plea of set-off, to so much as his improvements enhanced the value of the lands, but if Holt was ready to carry out the contract and Guthrie refused, then he would not be entitled to any allowance for improvements. It is insisted by plaintiff in error that the entire part of this charge is erroneous, and that Guthrie or Lovell having purchased in good faith, and no deed having been executed, he is entitled, upon the repudiation of the contract by either party, to be allowed for improvements to the extent such improvements may have enhanced the value of the land.

The case of *Humphreys* v. *Hottsinger,* 3 Sneed, 228, is cited as sustaining the position contended for. In that case Humphreys was in possession under a title bond, which stipulated that if the contract was not met in twelve months after it is due, the same is subject to be reversed at the will of Hottsinger.

The purchase not having been paid for twelve months after it was due, Hottsinger elected to annul the contract and took possession of the property.

Humphreys filed his bill to obtain payment for his improvements. This court held, citing several cases, that the complainant was in possession lawfully by contract, and expected to pay for the lot, but was unable to do so. and, upon rescision, was entitled to be paid whatever sum his improvement enhanced the value of the lot, but no more. One of the cases cited is *Herring & Bird* v. *Pollard*, 4 Hum., 362, where the purchasers filed their bill to obtain restitution of sums paid upon a verbal contract of purchaser of land, and for compensation for improvements made thereon, upon their failure to agree with the vendor upon the character of the conveyance to be made, and the court said the question is whether a party who has made improvements upon the land of another, expecting to obtain the title, is entitled to payment and can enforce it in equity; and adopt the opinion of Judge Story, in 1 Story's Rep., 478, that the denial of all compensation to such *bona fide* purchaser, in such a case where he had enhanced the permanent value of the estate, would be contrary to the first principles of equity, adding that to me it seems manifestly unjust and inequitable thus to appropriate to one man the property of another, who is in no default. In this last mentioned case, as in the case in 3 Sneed, relief was sought in equity by the vendee. In 6 Hum., 324, it was held that a vendee in possession under a verbal contract of purchase

34—VOL. 9.

of land, could not recover at law for improvements, although he might do so in equity to the extent that such improvement has enhanced the value of the and.

And in 3 Head, 178, it was held as settled in this State that when a man is put in possession of land by the owner upon a verbal sale, or one otherwise invalid, which the owner of the land fails or refuses to complete, and, in expectation of the performance of the contract, the vendee makes improvements, he may recover, upon bill filed by him, the value of such improvements to the extent they have enhanced the value of the land, citing 4 Hum. and 3 Sneed cases. In the later case of *Raines* v. *Huddleston*, 4 Heis., 224, where there was a verbal sale with a promise by the vendee to pay $500 on taking possession, and the vendor then to give a bond for title. Raines, the vendee, took possession but did not pay any part of the purchase money, and Huddleston refused to make him a title bond, but told him he would give him further time until the next Christmas to pay what was dew then by the terms of their contract. Raines continued in possession, paid no part of the purchase money, and, after it was all due, abandoned the place and sued in chancery for the value of his improvements.

It further apppeared that at the time of the sale the vendor notified the vendee not to improve the land, if he failed to pay the $500 first due, as he would not allow anything for improvements.

Judge Nicholson, in delivering the opinion of the

court, referring to and citing the several cases decided by this court and other authorities upon this question, says:

"It follows, from the several authorities referred to, that complainant who comes into a court and claims compensation for improvements made upon the land of another, will be repelled unless he shows that he was a *bona fide* possessor holding under an invalid or verbal sale, and honestly believing that he has or will have a valid title, and intending honestly to consummate his purchase by the payment of the purchase money, and, while so holding, makes improvements which add to the permanant value of the land, but fails to consummate his purchase without fault on his part, and on account of the default of the vendor. Before he can successfully invoke the aid of a chancellor, it is incumbent on him to show that he has been in no default in not executing his contract, but has been prevented from so doing by the failure or refusal of the owner of the land to complete the sale."

Although it appears that the vendor had notified the vendee that he would not pay for improvements, the case is distinctly put upon the ground that the vendor was guilty of no fault, as by refusing to complete the sale or otherwise, but that the vendee was in default by his failure to perform his contract, and upon this ground, which is stated by the learned judge to be the rule deduced from the authorities cited, relief was refused, and we think the rule a sound one.

The case in Story's Rep. which was followed by the case in 4 Hum., assumed that the vendee was in no default and upon that ground was entitled to relief, and our own cases grant the relief upon the same idea, that the vendor either fails or refuses to complete the sale, or that by reason of an honest disagreement as to its terms, neither is willing to its execution upon the terms insisted upon by the other. In the case of *Humphreys* v. *Hottsinger*, 3 Sneed, 228, the learned Judge who delivered the opinion, after citing the previously decided cases by the court, already referred to, states that the case, although differing in its facts, falls within the principle settled in the cases cited.

If it is assumed that the vendor was in fault then the case would fall within the principle of those cases. But the vendor was ready to perform the contract, and the vendee failed or refused to perform his contract, and the vendor for this had the legal right to treat the sale as invalid, and one which the vendee had refused and failed to execute and complete. Under the rule laid down in 4 Heis., as deduced from the cases cited, the vendee would not be entitled to compensation for improvements.

We do not think that there was any error in allowing evidence to show what the place produced in 1873, which could have prejudiced defendant.

There was much evidence as to the value of the rent, and whatever tended to show the productiveness of the land would be relevant. Nor was there anything in affidavits introduced for a new trial. The

facts deposed to were considered leading points on the trial, and evidence adduced thereto by each party. Upon the whole we think there is no material error in the record and the judgment is affirmed.